

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00500-CV

Ernesto O. **YANEZ**,
Appellant

v.

**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS**,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 21-01-26863-CV
Honorable Daniel J. Kindred, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: February 2, 2022

DISMISSED FOR LACK OF JURISDICTION

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (mem. op.). We ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because it appeared that appellant's notice of appeal was not timely filed. After considering appellant's response and the record, we conclude appellant's notice of appeal was not timely filed and we are required to dismiss this appeal for lack of jurisdiction.

Generally, a party's notice of appeal must be filed within thirty days after a judgment is signed. *See* TEX. R. APP. P. 26.1. However, if any party timely files a motion for new trial, a motion to modify judgment, a motion to reinstate under rule 165a of the Texas Rules of Civil Procedure, or a proper request for findings of fact and conclusions of law, the notice of appeal must be filed within ninety days after a judgment is signed. *See id.* 26.1(a).

Appellant attempts to appeal from an order signed by the trial court on July 6, 2021. Because appellant timely filed a motion for new trial, his notice of appeal was due no later than October 4, 2021, or a motion for an extension of time to file the notice of appeal was due fifteen days later on October 19, 2021.[1] *See id.* 26.1, 26.3. However, appellant did not file his notice of appeal until November 9, 2021.

On November 24, 2021, we advised appellant that his notice of appeal was not timely filed, and we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

In his response to our show cause order, appellant argues the appeal should not be dismissed because: (1) he is a pro se litigant; (2) the time calculation does not include weekends or holidays; (3) the appellate record does not have to be filed until 120 days after the order was signed; (4) the reporter's record is incomplete; (5) his motion for new trial was overruled by operation of law; (6) it took three attempts to E-File the notice of appeal; and (7) he did not have

---

[1] A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to rule 26). But "once the period for granting a motion for extension of time under [rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* Here, the period for granting a motion for extension of time passed before appellant filed his notice of appeal.

time to file the notice of appeal because of his work schedule. Appellant's response does not establish this court's jurisdiction to entertain his appeal.

Appellant's appearance pro se does not confer jurisdiction on this court. *See Campbell v. Leal*, No. 04-12-00654-CV, 2012 WL 5874622, at *1 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (mem. op.) (dismissing appeal because appellant's response to show cause order stating he was indigent and pro se did not confer jurisdiction on the court).

Next, the Texas Rules of Appellate Procedure do not exclude weekends and legal holidays from the calculation of time to file a notice of appeal except that if a due date is on "a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday." TEX. R. APP. P. 4.1(a).[2] This provision is inapplicable because appellant's notice of appeal was due on Monday, October 4, 2021.

The deadlines for the appellate record and the completeness of the reporter's record have no bearing on whether the appellant invoked this court's jurisdiction. Neither does the fact that appellant's motion for new trial was overruled by operation of law.

As to appellant's issue with E-File, appellant fails to explain how two failed attempts to file his notice of appeal caused the notice in his third attempt to be filed thirty-six days after it was due. While appellant pasted to his response a notice from E-File explaining there may be disruptions to service, the E-File notice states the disruption "will NOT impact the [file-stamped time the notice was received]." Further, the E-File notice explained that the disruptions would occur between November 6, 2021 and November 7, 2021, thirty-three days after appellant's notice of appeal was due.

---

[2] Appellant also argues under rule 4 of the Texas Rules of Civil Procedure that weekends and legal holidays "shall not be counted for any purpose in any time period of five days or less in these rules . . . ." TEX. R. CIV. P. 4. Even if this rule were applicable to a notice of appeal deadline, appellant's argument is without merit because the time period to file his notice of appeal was greater than five days.

Finally, appellant's inability to "fin[d] the [t]ime" to file the notice of appeal does not confer jurisdiction on this court. "Rather, a timely filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss this appeal." *Campbell*, 2012 WL 5874622, at *1 (citing *Verburgt*, 959 S.W.2d at 617). Accordingly, we must dismiss this appeal for lack of jurisdiction.

PER CURIAM